# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TIFFANY WAGNER,

        Petitioner,

v.                               Case No. 10-CV-606

CATHY JESS,

        Respondent.

_____

## ORDER

In November of 2004, petitioner, Tiffany Wagner, was convicted in Racine County Circuit Court, Case No. 2002-CF-1350, of multiple counts of forgery and theft. She was sentenced to fifteen years imprisonment. She is currently incarcerated at Taycheedah Correctional Institution, and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Title 1 of the Antiterrorism and Effective Death Penalty Act of 1996 made substantial changes to chapter 153 of Title 28, United States Code, which authorizes federal courts to grant the writ of habeas corpus. Section 2244(b) addresses second or successive habeas petitions. Section 2244(b)(3) creates a "gatekeeping" mechanism for the consideration of second or successive petitions in district court. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Section 2244(b)(3)(A) of Title 28, United States Code, provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application." Section 2244(b)(3) allocates subject-matter jurisdiction to the court of appeals. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

In *Nunez,* the court of appeals explained that the district court had no other option but to dismiss the petition:

> No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, *see McCleskey v. Zant*, 499 U.S. 467, 477, 494-95 (1991), the new prior-approval device is self-executing . . .. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.

*Id.*

The petitioner previously filed a petition for a writ of habeas corpus in the Eastern District of Wisconsin, Case No. 09-CV-402. In that petition, she sought relief from the imprisonment imposed in the very same conviction from which she presently seeks relief, Racine County Circuit Court Case No. 2002-CF-1350. Petitioner's previous habeas case (09-CV-402) was dismissed on December 4, 2009, by Magistrate Judge Gorence on the ground that the petition was untimely filed under 28 U.S.C. § 2244(d)(1)(A). Judgment was entered on December 7, 2009. The petitioner did not file an appeal

As the petitioner is challenging the same conviction in the instant petition that she challenged in her previous petition, the petitioner's current petition is a second or successive petition. As such, she is now required to file an appropriate motion with the Court of Appeals for the Seventh Circuit for an order authorizing this court

2

to consider her petition for a writ of habeas corpus.  The petitioner has failed to do so.  As a result, this court lacks jurisdiction over this petition and this court has "no option other than to deny the petition."  *Nunez*, 96 F.3d at 991 (7th Cir. 1996).

Accordingly

**IT IS ORDERED** that petitioner Wagner's petition for writ of habeas corpus be and the same is hereby **DISMISSED** for lack of jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge